IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SE PROPERTY HOLDINGS, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION 11-0219-WS-N |
| ) | |
| **JAY O. STRADLEY,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

This matter comes before the Court on plaintiff's Motion to Assess Attorney's Fees and Expenses (doc. 39). Defendant has elected not to avail himself of a reasonable opportunity to be heard on the request; therefore, the Motion is now ripe.

**I.     Background.**

Plaintiff, SE Property Holdings, LLC, brought this action against defendant, Jay O. Stradley, alleging that he had defaulted on various loan and guaranty obligations to the tune of well over $1 million. The Complaint asserted nine separate causes of action against Stradley for breach of contract (one for each loan, continuing guaranty, or overdraft protection agreement that Stradley had allegedly breached). Stradley appeared (by and through counsel) and filed an answer, after which the normal discovery process ensued. Following the close of discovery, SE Property filed a Motion for Summary Judgment, seeking entry of judgment as a matter of law in its favor on all nine breach of contract causes of action. Stradley did not oppose the Rule 56 Motion.

On May 7, 2012, the undersigned entered an Order (doc. 38) granting the Motion for Summary Judgment in part, and denying it in part. The May 7 Order was favorable to SE Property, insofar as it granted summary judgment on Counts One through Five, Eight, and Nine, finding with respect to each of those claims that Stradley was in breach of his contractual obligation to SE Property, and that SE Property was entitled to recover unpaid principal amounts, as well as post-default interest and/or contractual finance charges. Specifically, the undersigned

ruled in the May 7 Order that SE Property had established its legal right to a judgment against Stradley on these claims in the amount of $1,292,801.96 for unpaid principal, as well as $318,232.81 in post-default interest accrued through May 7, 2012 (with additional prejudgment interest accruing at the rate of $637.54 per day until the date of entry of final judgment).  The May 7 Order also authorized plaintiff to file a memorandum and exhibits establishing the amount and reasonableness of attorney's fees and costs for which it seeks recovery, and established a briefing schedule to allow Stradley to be heard as to same.

Notwithstanding the foregoing, the May 7 Order was not an unqualified victory for SE Property.  Indeed, the Rule 56 Motion was denied as to Counts Six and Seven.  The Court found that SE Property was entitled to recover nothing on such claims, based on undisputed record evidence that the principal balance on the loans underlying those causes of action had been reduced to $0.00 in 2010, such that said loans had been paid off months before this lawsuit was ever filed.[1]  Additionally, the May 7 Order dismissed Count Ten (request for an accounting) on the ground that plaintiff does not reasonably require an accounting to track the whereabouts of loan proceeds, given the availability of post-judgment discovery to facilitate SE Property's collection efforts on the other notes.  (SE Property had not sought summary judgment on or otherwise pursued Count Ten, so the dismissal of that cause of action was largely a housekeeping matter.)

As directed by the May 7 Order, SE Property has now filed a Motion to Assess Attorney's Fees and Expenses, along with affidavits of counsel and nearly 100 pages of backup documentation, including copies of underlying invoices showing fees and disbursements.  In conjunction with these filings, plaintiff seeks an award of $49,211.27 in attorney's fees, as well as $2,906.92 in costs and expenses.  As it is required to do, the Court has carefully reviewed plaintiff's evidentiary submission in support of the request for attorney's fees and costs.

---

[1] The May 7 Order reasoned as follows:  "Given the uncontroverted evidence that the principal balance owed on Notes 89257 and 302719 is zero, and that the principal amounts due under those notes were paid in full prior to the December 24, 2010 date that the Bank identifies as the starting point for post-default interest, plaintiff can recover neither unpaid principal nor default interest on those Notes."  (Doc. 38, at 11.)

**II.     Analysis.**

"Alabama follows the American rule, whereby attorney fees may be recovered if they are provided for by statute or by contract …." *Jones v. Regions Bank*, 25 So.3d 427, 441 (Ala. 2009) (citations omitted); *see also Battle v. City of Birmingham*, 656 So.2d 344, 347 (Ala. 1995) (same).[2] The law is clear that "provisions regarding reasonable attorney's fees are terms of the contracts susceptible to breach." *Army Aviation Center Federal Credit Union v. Poston*, 460 So.2d 139, 141 (Ala. 1984); *see also Ierna v. Arthur Murray Int'l, Inc.*, 833 F.2d 1472, 1476 (11th Cir. 1987) ("When the parties contractually provide for attorneys' fees, the award is an integral part of the merits of the case."). As the May 7 Order found, "[a]ll of the subject agreements and notes included provisions entitling the Bank to recover its reasonable attorney's fees and other collection costs should Stradley default on his repayment obligations." (Doc. 38, at 14.) Because Stradley did in fact default on those obligations, SE Property is entitled to an award of its reasonable fees and costs incurred in collection of sums owing on the underlying notes, the continuing guaranty, and the overdraft protection agreement at issue in Counts One through Five, Eight and Nine.[3]

---

[2]    The Eleventh Circuit has hewed to the same principle. *See, e.g., Dionne v. Floormasters Enterprises, Inc.*, 667 F.3d 1199, 1205 (11th Cir. 2012) ("under the 'American Rule' parties in litigation are expected to bear their own attorney's fees and costs"); *In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005) ("Generally, in federal litigation, … a prevailing litigant may not collect an attorney's fee from his opponent unless authorized by either a federal statute or an enforceable contract between the parties.").

[3]    The "reasonableness" limitation on any award of fees and costs stems from two independent sources. First, the agreements themselves specify that only reasonable attorney's fees and costs can be recovered. *See, e.g.,* doc. 1, Exh. H, at ¶ 12 ("If I am in default and you have to sue or take other steps to collect or secure this note, I agree to pay your reasonable costs. If the original amount financed is greater than $300 and you refer this note to an attorney who is not your salaried employee, I agree that these costs include a reasonable attorney's fee."); doc. 1, Exh. L-1, at ¶ 8 ("You agree to pay all costs and expenses of collection, including a reasonable attorney's fee (only if your account balance exceeds $300.00 and not to exceed 15% of your account balance), and the court costs incurred in the collection of any sum owing under this Agreement."). Second, Alabama law imposes a reasonableness constraint on all fee-shifting contracts, as a matter of public policy. *See, e.g., Willow Lake Residential Ass'n, Inc. v. Juliano*, 80 So.3d 226, 241 (Ala.Civ.App. 2010) ("Alabama law reads into every agreement allowing for the recovery of attorney's fees a reasonableness limitation.").

It is well-settled that "[t]he determination of whether an attorney fee is reasonable is within the sound discretion of the trial court." *Kiker v. Probate Court of Mobile County*, 67 So.3d 865, 867 (Ala. 2010) (citations omitted). To guide this reasonableness inquiry, Alabama courts recognize a non-exhaustive list of criteria that may properly be considered, including: "(1) [T]he nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances." *Pharmacia Corp. v. McGowan*, 915 So.2d 549, 552-53 (Ala. 2004) (citation omitted).

As a general proposition, "[t]he starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.... The product of these two figures is the lodestar and there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (internal citations and quotation marks omitted). "The court may then adjust the lodestar to reach a more appropriate attorney's fee, based on a variety of factors, including the degree of the plaintiff's success in the suit." *Association of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006).

Plaintiff claims an award of attorney's fees of $49,211.27. The Court has reviewed SE Property's evidentiary submission on attorney's fees for reasonableness, and finds with four exceptions that the requested fees are reasonable. Those exceptions, and the award modifications necessitated by each, will be discussed in turn.

First, included in SE Property's fee request is substantial unbilled time (designated in plaintiff's filings as "WIP," or "work in progress") in the amount of $5,027.27. No itemization or detail of any kind has been provided for these fees, so the Court is unable to assess their reasonableness. It is plaintiff's burden to prove the reasonableness of its requested fees; however, SE Property's showing falls short as to the claimed "work in progress" time. Accordingly, unbilled time will be disallowed from the attorney's fee award. *See generally*

*Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly.").

Second, the Court's review of counsel's invoices reveals certain redundancies, particularly relating to the preparation, travel and attendance of two senior attorneys at defendant's deposition in Gulf Shores on October 18-19, 2011. "Redundant hours must be excluded from the reasonable hours claimed by the fee applicant." *American Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 432 (11th Cir. 1999) ("a fee applicant is entitled to recover for the hours of multiple attorneys if he satisfies his burden of showing that the time spent by those attorneys reflects the distinct contribution of each lawyer to the case and is the customary practice of multiple-lawyer litigation"). This is not a case in which the authenticity, terms or fact of breach of most of the underlying agreements was ever in question; rather, Stradley appears to have conceded those facts from the outset. Given the circumstances, it is not apparent that attendance of multiple timekeepers at hourly rates of $225-$250 at Stradley's deposition was a reasonable allocation of resources. In light of this concern, plaintiff's fee award will be reduced by $2,517.50 ($237.50 x 10.6 hours).[4]

Third, the invoices reflect that SE Property seeks to include in its award some 48.4 hours of paralegal time, at an hourly rate of $110 per hour. Recent opinions from this District Court reflect that the going rate for paralegals in the Mobile market is substantially lower. *See Branch Banking and Trust Co. v. Imagine CBQ, LLC*, 2012 WL 1987830, *3 (S.D. Ala. June 4, 2012) ("this district has customarily awarded $75.00 per hour … for paralegals in this district performing work traditionally performed by an attorney"); *Ceres Environmental Services, Inc. v. Colonel McCrary Trucking, LLC*, 2011 WL 1883009 (S.D. Ala. May 17, 2011) (reducing requested paralegal hourly rate of $101 - $115 on the ground that "[j]udges in this district have repeatedly approved paralegal rates of $75 an hour" and do not go higher absent proof of "unusually advanced qualifications or expertise"); *see also Trotter v. Columbia Sussex Corp.*, 2010 WL 383622, *11 (S.D. Ala. Jan. 29, 2010) (similar). Plaintiff's expert on fees proclaims the $110 paralegal rate to be "comparable to the fees charged by paralegals and/or law clerks

---

[4] This figure was reached by taking the total number of hours spent by the two senior attorneys on October 18 and 19, 2011, dividing it by two, and multiplying it by a blended hourly rate (the midpoint between their regular billing rates).

with similar experience in the Mobile legal community" (doc. 39, Exh. C, ¶ 8); however, he neither reconciles his opinions with the cited authorities nor professes to have knowledge of any special qualifications or expertise these individuals might have that would justify such a substantial increase over the $75 rate typically approved in this District Court as reasonable. Accordingly, the 48.4 hours of paralegal time documented in the invoices will be compensated at a $75/hour rate rather than a $110/hour rate. This modification equates to a reduction of $1,694.00 (48.4 hours x $35/hour) from the requested fee amount.

Finally, some diminution of the fee award is appropriate to account for SE Property's degree of success in this matter. Recall that plaintiff filed suit against Stradley alleging breach of nine different agreements, and that plaintiff moved for summary judgment as to all nine breach of contract causes of action. Recall also that the May 7 Order found that SE Property was entitled to no relief, and would have and take nothing, on Counts Six and Seven because uncontroverted evidence showed that Stradley had paid off the entire principal balance of those loans before the Complaint was filed. A reduction of an attorney's fee award is warranted in such circumstances. *See, e.g., Hensley*, 461 U.S. at 436 ("If … a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount."); *Bivins*, 548 F.3d at 1350 (enumerating these same options when hours claimed are unreasonably high). In that scenario, "[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id.* The Court adopts the latter approach here. Although some of the hours billed were equally applicable to all of the breach-of-contract claims, others were specific to Counts Six and Seven. In the exercise of its discretion, the Court deems it equitable and reasonable to reduce the portion of the fee award concerning litigation billing (as contrasted with foreclosure billing, which was also part of plaintiff's collection costs for which it seeks recompense) by 10% across the board, for a total reduction of $3,288.50.[5]

---

[5]   This figure was calculated as follows:  Total litigation billings were $36,851.50. That amount was reduced by $2,517.50 for redundancy and by $1,449.00 (41.4 hours x $35) for an excessive paralegal billing rate. Ten percent of the resulting amount ($32,885.00) equals $3,288.50.

In short, then, the Court reduces plaintiff's requested fee award of $49,211.27 by $5,027.27 for undocumented "WIP" hours, by $2,517.50 for redundancy, by $1,694.00 for excessive paralegal billing rates, and by $3,288.50 for degree of success.  Plaintiff will be awarded reasonable attorney's fees in the amount of **$36,684.00**.  Reasonable costs and expenses in the amount of **$2,906.92** (all of which are adequately documented in the record as having been reasonably incurred in the foreclosure and litigation proceedings) will also be awarded.  In the Court's discretion, no award will be made for the time (less than 30 minutes) spent by plaintiff's "reasonableness expert" on this matter.

### III. Conclusion.

For all of the foregoing reasons, it is **ordered** as follows:

1. Plaintiff's Motion to Assess Attorney's Fees and Expenses (doc. 39) is **granted in part,** and **denied in part**;
2. Plaintiff will be awarded reasonable attorney's fees of **$36,684.00** and reasonable collection costs and expenses of **$2,906.92**;
3. The May 7 Order held that SE Property was entitled to a judgment against Stradley in the amount of **$1,292,801.96** for unpaid principal, plus **$318,232.81** in post-default interest accrued through and including May 7, 2012;
4. Since entry of the May 7 Order, additional prejudgment interest has accrued in the total amount of **$20,401.28** (calculated at $637.54 per day times 32 days);
5. Plaintiff is entitled to entry of judgment in its favor in the grand total amount of **$1,671,026.97**; and
6. This Order and the accompanying Judgment having resolved all issues against all parties herein, the Clerk's Office is **directed** to close this file for statistical and administrative purposes.

DONE and ORDERED this 11th day of June, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE